## TORT *v.* TORT.

[Cite as Tort v. Tort, 9 Ohio Misc. 9.]

(No. 66619—Decided August 12, 1966.)

Common Pleas Court, Lucas County, Division of Domestic Relations.

*Mr. John F. Auwaerter,* for plaintiff.
*Mr. Joseph Flores,* for defendant.

WARREN, J.   Plaintiff filed suit for divorce against his wife. Temporary alimony was awarded to the wife.  The motions to show cause, for rehearing, and to increase temporary alimony are the outgrowth of this order.

Plaintiff and defendant, husband and wife, were married March 20, 1964, and resided in Miami, Florida.

The defendant went into the marriage possessed of property of her own.  Desiring to go into business, she applied to the Dade County Circuit Court for an order of free dealership, which was granted on or about August 10, 1964.

Plaintiff asserts that the free dealership of his wife was granted with the consent of the husband, and that the order relieved him of the duty of support, and for that reason the order in the instant case should be vacated.

Article IV, Section 1 of the United States Constitution provides in part as follows:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every state. * * *,,

On the 10th day of August, 1964, the Circuit Court of Dade County, Florida, made an order granting free dealership which reads in part as follows:

"* * * And the Court, having considered the said petition and the evidence as to the character, habits, capacity, competency and qualifications of the petitioner to take charge of and manage her own estate and property and to become a free dealer, and the court being satisfied that the removal of the disabilities of the petitioner will be for her permanent interest and benefit, it is hereby

"ORDERED, ADJUDGED AND DECREED:

"That the disabilities of marriage of the petitioner, Maria A. Tort, are hereby removed, and said petitioner is hereby authorized to assume the management and control of all her own estate and property, and is hereby authorized to become a free dealer, to contract and to be contracted, to sue and to be sued, and to do and perform any and all acts, matters and things with respect to her own estate and property that she could do if she were not married."

By the terms of the Uniform Judicial Notice of Foreign Law Act, the court is required to take judicial notice of the statutes of a sister state. Section 2317.44, Revised Code, provides:

"Every court of this state shall take judicial notice of the statutes of every state, territory, and other jurisdiction of the United States.

"The court may inform itself of such laws in such manner as it deems proper, and the court may call upon counsel to aid in obtaining such information.

"The determination of such laws shall be made by the court and not by the jury, and shall be reviewable."

Section 62.40 of the Florida Statutes provides:

"62.40 Who may become free dealer.

"Any married woman who resides in the state, and who may wish to take charge of and manage her estate and to become a free dealer in every respect" * * * may apply for a license.

Section 62.41, *idem*, provides:

"62.41 Petition; contents, etc.

"Such petition shall set forth the name and age of such married woman, and her character, habits, education and mental capacity for business, and briefly set out the reasons why such disabilities should be removed." * * *

Section 62.42, *idem*, provides for either the written consent of the husband to the granting of the petition or for proof of notice, either personally or by publication, on the husband.

41 Corpus Juris Secundum, Husband and Wife, Section 206, page 696, states:

"Unless required by statute, a judicial decree is not necessary to enable a married woman to engage in her own business. * * *

"*Grounds*. A married woman may be decreed a sole trader on such grounds as are specified by statute. * * *"

"Parties. * * * In the absence of statute allowing intervention by the husband of petitioner, he may be denied the right to intervene where there is no showing that the wife is not entirely capable of controlling, managing, and dealing with her separate property. * * *"

In a proceeding for a free dealership certificate by the wife under the laws of Florida, the provisions as to notice to the husband are not jurisdictional, the husband is not a defendant, and the husband has no property rights which are being adjudicated, although the provisions are mandatory and failure to comply would render the petition defective. See *Application of Jensch,* 134 So. 2, 285.

The husband, therefore, gained no rights in the property of the wife, nor waived any interest in her property by consenting to the application. The consent merely obviated the necessity for serving notice upon him of the pendency of the proceedings.

The fact that the wife became a sole trader did not relieve the husband of the duty to support his wife.

41 Corpus Juris Secundum, Husband and Wife, Section 207, page 698, provides:

"Sole trading by a married woman may include any manufacturing, mechanical or commercial pursuit, or any particular employment, occupation, or profession followed as a means of livelihood."

And at page 700, *idem*:

"*Necessaries*. The fact that the wife is a feme-sole trader will not excuse the husband from liability for necessaries furnished her."

And at page 511, *idem*:

"*Effect of wife's liability or capacity to contract.* The husband's liability is not dependent on the wife's incapacity to contract; and notwithstanding her liability where she has the power to bind herself, considered infra No. 63, the husband may still be liable either to the seller, or * * *''

And at page 531, *idem*:

"Necessaries include food and shelter, medicine and reasonable domestic service."

And at page 510, *idem*:

"*Effect of wife's possession of property.* According to a number of authorities, the husband's liability for the wife's necessaries is not dependent on the fact that she has no property of her own, and he is equally liable even though she may have a separate estate or income. * * *''

In the case of *Commonwealth, ex rel. Makowski,* v. *Makowski,* 163 Pa. Superior Ct. 441, 62 A2, 71, the wife was declared a feme-sole trader. There were also a series of separations and a separation agreement. The court said at page 445:

"The real question therefore is whether there was a resumption of the marital relationship and renewal by the husband of his obligation of support so as to abrogate the agreement. The fact the wife was declared a feme sole trader is of no importance, as she acted in this capacity only as to the particular property on 17th Street. It does not show an intention by the wife to release her husband of his duty to support her. The purpose of the certificate of a feme sole trader is not to relieve the husband of his duty to support the wife, and its effect is overcome by their subsequent reconciliation."

Section 3103.03, Revised Code, provides:

"The husband must support himself, his wife and his minor children out of his property or by his labor. * * *''

The plaintiff husband is liable for the support of his wife. The fact that the wife was made a free trader by the Florida court does not relieve the husband of liability for the wife's support and for her necessaries.

The purpose of the Free Trader Act is to remove the common-law disability of the wife to carry on business and to enable the wife to contract in her own name during coverture.

The temporary order enjoining defendant from removing the jewels from Industrial Finance Co. is terminated. The wife

became employed about May 10, 1966, which constitutes a material change of circumstances of the parties.

The order of temporary alimony dated May 12, 1966, is, therefore, modified as follows: Commencing May 20, 1966, plaintiff is ordered to pay $25.00 per week temporary alimony, and the mortgage payments on the defendant's car. Plaintiff is further ordered to pay the rent and utilities as provided in the former order up to the time that plaintiff vacated the premises. Plaintiff is to receive credit on the alimony payments for the sum of $208.00, the amount of the account incurred by defendant on plaintiff's Gulf Oil account.

*Judgment accordingly.*